526 So.2d 511 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Michael D. ASHLOCK, Defendant-Appellant.
No. K87-1333.
Court of Appeal of Louisiana, Third Circuit.
June 7, 1988.
Robert L. Kennedy, Colfax, for defendant-appellant.
Joseph P. Beck, II, Dist. Atty., Colfax, for plaintiff-appellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
*512 KNOLL, Judge.
We granted writs of certiorari to review the trial court's conviction of defendant, Michael Dean Ashlock, for possession of marijuana, a violation of LSA-R.S. 40:966(D). Defendant contends the following assignments of error: (1) whether or not the State proved defendant had direct control and dominion over the vehicle to be considered sufficient evidence of his constructive possession; and, (2) whether or not the record contains some evidence that defendant knowingly and intentionally possessed the marijuana.
On June 19, 1987, Deputy Preston Mosley, chief detective of the Grant Parish Sheriff's Office, obtained a search warrant to search the home and any moveables on the premises of Alton and Georgia Wells. The Wells' residence was located approximately three miles north of Pollock, Louisiana. Deputy Mosley, along with Officer Timothy Montgomery and Charles Mitchell, Chief of Police for Pollock, executed the search warrant on June 20, 1987, at approximately 4:00 to 4:30 a.m.
The house was occupied by three people, Mr. and Mrs. Wells and defendant, who was Mrs. Wells son by a previous marriage. All three were read their Miranda rights and asked to stay in one room while the search was conducted. A small amount of marijuana was found inside the house. The police officers then searched the yard area and found five bags of marijuana in an army ammunition box.
At this point Deputy Mosley searched a 1978 blue Trans Am, which was parked in the yard approximately 20 feet from the Wells' house. He found a small sandwich bag containing suspected marijuana in the console of the vehicle. Deputy Mosley had observed defendant drive this automobile on different occasions; therefore, defendant was arrested for possession of marijuana.

ASSIGNMENT OF ERROR ONE
Defendant contends that the verdict was contrary to the law and the evidence in that the State failed to prove the essential elements of the offense charged, i.e., that defendant possessed and/or controlled the marijuana.
The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. State v. Oliver, 499 So.2d 295 (La.App. 1st Cir. 1986), writ denied, 505 So.2d 56 (La.1987).
Although there was no actual physical possession of marijuana by defendant, there may be constructive possession when the material is not in the physical possession of a person, but is under his dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983). In State v. Smith, 257 La. 1109, 245 So.2d 327, at 329 (1971), the Louisiana Supreme Court stated:
"A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control of it."
Proximity to a drug or association with a possessor may establish a prima facie case of drug possession when colored by other evidence. State v. Johnson, 404 So.2d 239 (La.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). However, mere association or proximity, without more, is insufficient. State v. Cann, 319 So.2d 396 (La.1975). The determination of whether there is possession sufficient to convict depends upon the particular facts of each case. State v. Oliver, supra.
In the present case, there was testimony that defendant had been seen driving the blue 1978 Trans Am in which the marijuana was found and the automobile was parked at defendant's stepfather's house, which was where defendant was residing prior to his arrest. From these facts it can be inferred that defendant had control and dominion of the automobile which contained *513 the marijuana. Accordingly, we find the State proved the essential element of possession of marijuana.
Therefore, defendant's first assignment of error is without merit.

ASSIGNMENT OF ERROR TWO
In his second assignment of error, defendant contends the State did not prove he intended to possess illegal drugs and thus, all of the elements to sustain a guilty verdict pursuant to 40:966(D) were not met. We disagree.
Jurisprudence has established that guilty knowledge is an essential ingredient of the crime of possession of a controlled dangerous substance. State v. Mims, 330 So.2d 905 (La.1976); State v. Knight, 298 So.2d 726 (La.1974). Although intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances of the transaction. LSA-R.S. 15:445; State v. Vines, 245 La. 977, 162 So.2d 332 (1964).
In the case sub judice, a bag of marijuana was found in an automobile known to have been in defendant's control. Although it was not known in whose name the automobile was registered, it can be inferred from the circumstances presented that defendant had the requisite intent and knowledge of the marijuana. Therefore, we find that all of the elements necessary to uphold a conviction of possession of marijuana were present. Defendant's second assignment of error is meritless.
For the foregoing reasons, the conviction of defendant is affirmed.
AFFIRMED.