544 So.2d 1294 (1989)
STATE of Louisiana
v.
Bruce A. JONES.
No. KA-8716.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1989.
*1295 Harry F. Connick, Dist. Atty., Brian T. Treacy, Asst. Dist. Atty., New Orleans, for appellee.
David P. Banowetz, Jr., New Orleans, for appellant.
Before BYRNES, CIACCIO and BECKER, JJ.
BYRNES, Judge.
This appeal arises from a jury verdict convicting defendant, Bruce A. Jones, of possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. Jones asserts that the evidence is insufficient to support his conviction and further requests that this court review the record for patent error. We affirm.
The record reflects that at 2:40 a.m. on January 30, 1986 Police Officer Panter was working a paid detail which involved providing security for three buildings. While standing on the balcony of one building, Panter heard struggling and crashing sounds coming from inside the next building. He approached to investigate and saw Jones exit the front door of the second building. Panter identified himself as a police officer and yelled at Jones to halt. Jones continued to run. Panter chased Jones for one and a half blocks. Panter struggled with Jones and a Raven .25 caliber automatic handgun fell out of Jones' pocket.
In viewing the sufficiency of the evidence to support a conviction, an appellate court must ascertain whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that all elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The elements of possession of a firearm by a convicted felon are:
1) status of the defendant as a convicted felon,
2) an instrumentality defined as a firearm, and
3) physical and/or constructive possession of the firearm by the defendant.
State v. Mose, 412 So.2d 584 (La.1982); State v. Bell, 439 So.2d 1163 (La.App. 4th Cir.1983).
It is undisputed that the prosecution established the first two elements of this offense. Defendant contends the third element of possession has not been proven as *1296 the prosecution failed to prove he intended to possess the firearm. In support of this contention, he asserts that Officer Panter never saw the gun in his hand and the gun was never fingerprinted.
Possession of a firearm by a convicted felon is a general intent crime. LSA-R.S. 14:11. General intent exists when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire on his part to have accomplished such result. LSA-R.S. 14:10(2); State v. Elzie, 343 So.2d 712 (La. 1977). Such need not be proven as a fact; it may be inferred from the circumstances. LSA-R.S. 15:445. General criminal intent necessary to sustain a conviction is shown by the very doing of the acts which have been declared criminal. State v. Holmes, 388 So.2d 722 (La.1980). Thus, in the case of a convicted felon in possession of a firearm, when the proof shows that the perpetrator carried on his person a firearm the necessary criminal intent has been furnished by the very doing of the criminal act. Based on this evidence and viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have concluded beyond a reasonable doubt that Jones was in possession of the firearm and that he had the requisite general criminal intent to commit the crime. Accordingly, we find no merit to this assignment of error.
Finally, Jones requests the court review the record for error patent. LSA-C.Cr.P. art. 920 provides "[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignments of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
The minute entry of May 22, 1986, shows the defendant was arraigned and entered a plea of not guilty through his counsel. It does not show that the defendant was present. However, this irregularity is deemed waived once the defendant proceeds to trial. LSA-C.Cr.P. art. 555; State v. Camp, 517 So.2d 1202 (La.App. 4th Cir.1987).
Further, R.S. 14:95.1 provides for mandatory fine of $1,000.00. The defendant was not so fined. However, this court will not correct errors patent favorable to the defendant where they are not argued by the state or defense. State v. Fraser, 484 So.2d 122 (La.1986). The record reflects no other errors patent.
Accordingly, defendant's sentence and conviction are hereby affirmed.
AFFIRMED.