WICKER, Judge.
Anthony Owens appeals his bench conviction and sixty-day sentence for simple possession of marijuana, La.R.S. 40:966. We affirm the conviction, vacate the sentence, and remand for resentencing.
Owens was driving his automobile, with three passengers, when he was stopped for speeding and going through a red light. The troopers making the stop found marijuana under the driver’s seat and in the console. The marijuana was accessible to Owens, but it also could be reached by the other people occupying the car.
Owens complains that the proof of his crime was insufficient, that he should have been sentenced pursuant to La.R.S. 40:983, and that his sentence is unconstitutionally excessive.
In order to convict him, the state must prove that Owens knowingly or intentionally possessed marijuana. La.R.S. 40:966 C. Constructive possession, meaning the marijuana was subject to Owens’ dominion and control, is sufficient. State v. Sweeney, 443 So.2d 522 (La.1983).
Only prosecution witnesses testified, including the arresting officers and a forensic scientist. Two Louisiana State Policemen, Troopers Dike and Winkler, testified that Owens, driving his own Mustang, passed them on the right going fast, through a red light, at 4:20 in the morning. They chased him briefly until he pulled over; and Owens got out of the car, leaving his three passengers in their seats. His speech was slurred, his eyes were bloodshot, and there was an odor of alcohol on his breath. Dike asked for his driver’s license and accompanied him to the car so that he could get into the driver’s seat and retrieve his license from the console. Dike, who was shining his flashlight into the car, saw a baggie in the console containing green vegetable matter which he recognized as marijuana. He asked Owens to pass him the dope, which Owens did. Winkler then arrested Owens and searched his car pursuant to that arrest. Winkler found a frisbee under the driver’s seat containing roll papers, a matchbox with two partially-burned handrolled cigarettes, and traces of green vegetable matter. Laboratory analysis revealed the green vegetable matter to be marijuana. *296 The judge found the testimony of the troopers to be candid and believable. He found the state had proved its case beyond a reasonable doubt. With regard to Owens’ possession of the marijuana, he found both areas, the console and the driver’s seat, to be within his immediate control. He also noted the chase was very quickly begun and very quickly ended.
The Third Circuit has held that use of an automobile in which illegal drugs were found was sufficient to establish that the defendant had control and dominion of the automobile containing the marijuana. State v. Ashlock, 526 So.2d 511 (La.App. 3rd Cir.1988). We hold that the state has proved its case beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We affirm Owens’ conviction.
Following his conviction, Owens moved for sentencing under La.R.S. 40:983 which permits the judge the option of deferring further proceedings for first offenders. In lieu of a judgment of guilty, the judge can impose probation if “it appears that the best interests of the public and the defendant will be served.”
Owens argues on appeal that he was a first offender, his previous convictions having been' for traffic offenses, i.e., one D.W.I. reduced by plea bargain to reckless operation, and a second D.W.I. which occurred while Owens was still on probation from the first. Our review of the record does not indicate whether or not the trial judge was aware of these convictions. With a vacant record we cannot determine whether the sentence given was excessive.
The record also does not show that the trial judge complied with the requirements of La.C.Cr.P. art. 894.1 by stating “for the record the considerations taken into account in imposing sentence.” There is nothing in the record from which this court can evaluate the appropriateness of Owens’ sentence.
Accordingly, we vacate Owens’ sentence and remand this case to the trial court with instructions to consider the sentencing guidelines of La.C.Cr.P. art. 894.1. See State v. Sosa, 537 So.2d 873 (La.App. 5th Cir.1989).
CONVICTION AFFIRMED, SENTENCE VACATED, CASE REMANDED FOR RESENTENCING.