| iCANNELLA, Judge
concurring in part and dissenting in part.
I concur in the affirmance of the convictions and the multiple offender adjudication. However, I dissent in the majority’s affir-mance of defendant’s sentences.
The record is void of any reasons by the trial court indicating the considerations taken into account and the factual basis for the sentence. With a vacant record, this court cannot determine whether the sentence imposed is excessive or appropriate. State v. Owens, 554 So.2d 294 (La.App. 5th Cir.1989).
Recently, in State v. Cook, 598 So.2d 423 (La.App. 5th Cir.1992) this court set aside two fifteen year sentences imposed for convictions on two counts of distribution of cocaine. The court noted several other cases in which fifteen, twenty and twenty-one year sentences were all set aside as excessive and remanded for resentencing.
In this case the trial court did not state any reasons for any of the three sentences it imposed. There was not minimal compliance with La.C.Cr.P. art. 894.1. Furthermore, a pre-sentence investigation was not ordered and there are no other documents contained in the record (other than the habitual offender proceedings that show one prior felony conviction) evidencing any information on defendant’s personal and criminal history. There is simply nothing in the record before us from which |2this Court can evaluate for excessiveness or appropriateness of defendant’s sentences.
Therefore, in my view, the sentence should be set aside and the case remanded for re-sentencing in compliance with La.C.Cr.P. art. 894.1. Accordingly, based on the record before us, I dissent from the affirmance of defendant’s sentences.