744 So.2d 73 (1999)
STATE of Louisiana
v.
Ray SMITH.
No. 98-KA-0366.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1999.
Rehearing Denied November 17, 1999.
*74 Richard P. Ieyoub, Attorney General, Darryl W. Bubrig, Sr., District Attorney, 25th Judicial District, Parish of Plaquemines, Pointe-A-La-Hache, Louisiana, and Gilbert V. Andry III, Assistant District Attorney, New Orleans, Louisiana, Counsel For Plaintiff/Appellee.
William R. Campbell Jr., Louisiana Appellate Project, New Orleans, Louisiana, Counsel For Defendant/Appellant.
Court composed of Judge WILLIAM H. BYRNES III, Judge DENNIS R. BAGNERIS, Sr., Judge Pro Tempore PHILIP C. CIACCIO.
BAGNERIS, Judge.

I. STATEMENT OF THE CASE

On September 13, 1996, defendant, Ray Smith, was charged by bill of information with being a convicted felon in possession of a firearm in violation of La. R.S. 14:95.1, to which defendant pled not guilty. Defendant filed motions to suppress evidence and identification, which were denied. After a jury trial, defendant was found guilty as charged. The trial court sentenced defendant to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. The sentence was to be served consecutive to any other sentences the defendant was serving.

II. STATEMENT OF THE FACTS

On August 8, 1996, Deputy Don Savastano testified that he instituted a traffic stop of defendant for speeding. After pulling over, defendant exited his vehicle and walked swiftly towards the deputy. Defendant met the deputy at the driver's rear corner of the vehicle. Savastano informed defendant he was speeding and requested defendant's drivers license, registration and proof of insurance. Defendant gave Savastano his driver's license and told the deputy the other documents were in the glove compartment. Defendant walked back to the vehicle and asked the female in the front passenger seat to get the documents out of the glove compartment. Savastano looked into the vehicle to observe opening of the glove compartment for his safety, upon which he observed rolling papers on the console and burn holes on the driver's side seat. He took the documents from defendant, called headquarters and requested a driver's license and motion check on defendant. Savastano learned that defendant's driver's license was expired and two warrants were issued for his arrest. He then placed defendant under arrest. The deputy conducted a pat down search of defendant and requested a K-9 unit. He issued to the defendant citations for speeding and driving with an expired license, and then placed defendant in the police vehicle.
After placing defendant in his vehicle, Savastano asked the two passengers to exit defendant's vehicle. The deputy then removed five fishing poles and a bag of shrimp from the vehicle. The K-9 unit arrived ten minutes later. A search of the vehicle by the K-9 unit revealed the presence of contraband or narcotics in the vehicle. Sergeant Savastano, wife of Deputy Savastano, conducted a pat down search of the female passenger for narcotic substances. Deputy Savastano then searched the vehicle and found a thirty-eight caliber Charter Arms snub nose revolver under the front driver's seat. He opened the gun and found four bullets in *75 the weapon. The vehicle was registered to Lillian Smith, defendant's mother.
Sergeant Angelica Savastano of the Plaquemines Parish Sheriff's Office K-9 unit testified that she was called to a traffic stop on August 8, 1996, to assist with a K-9 search. During the search, the dog walked around the vehicle and gave positive alerts on the outside and inside of the vehicle. Deputy Savastano conducted a search of the vehicle and found a weapon. Sgt. Savastano retrieved money from the glove compartment during her search of the vehicle, which she turned over to the evidence custodian. The Sheriff's Office filed for drug arrest forfeiture as to the money.
Sergeant Curtis Bowers examined defendant's fingerprints and determined that defendant's fingerprints were the same as the fingerprints on the certified documents from two Orleans Parish convictions for possession of cocaine. The documents reflected that defendant had been convicted of possession of cocaine on February 24, 1989, in case number 330-252 and on August 16, 1990, in case number 340-065. The officer also testified that the weapon found in the vehicle had been stolen in July of 1996 from a residence in Meraux, Louisiana.
Tammy Patin, the female passenger in defendant's vehicle, testified that on August 8, 1996, defendant and his nephew picked her up at approximately 6:00 a.m. to go fishing. Ms. Patin stated that she did not bring the weapon with her, nor did defendant's nephew. In fact, Ms. Patin did not see the weapon in the vehicle. She further testified that neither she nor the defendant's nephew moved anything in the vehicle when the officer stopped them. She denied putting any money in the glove compartment. She indicated that defendant's nephew did not take any money or food stamps into the car.
Lillie Mae Smith, defendant's mother, testified that she owns the vehicle that defendant was driving on August 8, 1996. Ms. Smith stated that she did not own a gun and that no one ever gave her a gun or took a gun to her house. She indicated that the money found in the vehicle did not belong to her. Nor did she put the rolling papers in the car. She does not smoke, but defendant smokes only Camel cigarettes. Ms. Smith allowed her husband, defendant, her daughter and her other son to use the vehicle. Ms. Smith's daughter never showed the witness a gun or spoke to the witness about a gun or leaving money in the car. The witness further stated that she never saw defendant with the gun found in the vehicle. However, she did not know if defendant put the gun in the car. She stated it was possible that someone else put the weapon in the vehicle.

Errors Patent
A review of the sentencing transcript reveals that the trial court sentenced defendant to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. The statute under which the defendant was convicted (La. R.S. 14:95.1) also requires the imposition of a fine of "not less than one thousand dollars nor more than five thousand dollars." The trial court failed to impose a fine upon the defendant as required by the statute. Thus, the sentence imposed is illegally lenient. On appeal, this Court will not correct errors favorable to a defendant where the issue is not raised by the State. State v. Fraser, 484 So.2d 122 (1986). As the state has not raised any errors on appeal, the sentence will not be modified. No other errors patent was found.

Assignment of Error Number 1
Defendant argues that the trial court erred in allowing the admission of prejudicial other crimes evidence. He contends Sgt. Savastano's testimony that the money seized from the vehicle was the subject of drug forfeiture proceedings constituted prejudicial other crimes evidence. Defendant suggests that the testimony *76 about the money was introduced to prove his character as a drug dealer. The trial transcript does not support this argument.
The testimony concerning the money was elicited from Sgt. Savastano during defendant's cross-examination of the officer. Defendant asked the officer if she had found the money in the glove compartment of the vehicle. The officer responded that she had. She further testified that she turned the money over to the evidence custodian. Defendant then questioned the officer about whether the money was brought to court for trial. The officer answered that photocopies of the money had been brought to court for trial but not the actual money. On redirect examination, the officer testified that the money was not in court, as it was the subject of a drug forfeiture proceeding. The defendant objected to the testimony. However, the trial court allowed the testimony, as defendant raised the issue during his cross-examination of the witness.
The testimony elicited from the witness did not cast defendant as a bad person. The witness' testimony explained the absence of the money at trial, which issue was raised by defendant during his cross-examination of the witness. As defendant raised the issue during his cross-examination of the witness, the state was entitled to clarify the issue on redirect examination. La. C.E. article 611.
Further, the testimony of Sgt. Savastano concerning the status of the money was not inadmissible other crimes evidence. Sgt. Savastano testified that the money was recovered during her search of the vehicle that was conducted after the K-9 unit search revealed positive alerts for contraband and/or narcotics. Thus, the recovery of the money was an integral part of the offense. La. C.E. article 404 allows for the introduction of evidence of other crimes, wrongs, or acts "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." The trial court did not err when it allowed the officer to testify as to the status of the money. Therefor, we find this assignment is without merit.

Assignment of Error Number 2
Defendant further avers that the state did not produce sufficient evidence to support his conviction for possession of a firearm by a convicted felon because the state did not produce sufficient evidence to show that he had possession of the weapon. We are persuaded by defendant's argument.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
In the instant case, the State was required to prove the following elements: (1) possession of a firearm; (2) conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the *77 offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269, 271 (La.1983); State v. Jones, 544 So.2d 1294, 1295 (La.App. 4 Cir.1989). General intent is present when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2). General criminal intent need not be proven as a fact, but may be inferred from the circumstances of the case. State v. Jones, 544 So.2d at 1295. The very doing of the acts that have been declared criminal shows general criminal intent necessary to sustain a conviction. Id.
Constructive possession, as opposed to actual possession, is sufficient to satisfy the possession element of La. R.S. 14:95.1. State v. Day, 410 So.2d 741 (La. 1982); State v. Silva, 447 So.2d 1242 (La. App. 4 Cir.1984 ), writ denied, 452 So.2d 173 (La.1984). Constructive possession exists if the thing is subject to the dominion and control of the accused. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Silva, 447 So.2d at 1244. A defendant's dominion and control over a weapon is sufficient to constitute constructive possession even if it is only temporary in nature and even if the control is shared. State v. Washington, 605 So.2d 720, 722 (La.App. 2 Cir.1992), writ denied, 610 So.2d 817 (La. 1993).
In State v. Washington, the defendant was a passenger in a vehicle stopped by the police because they suspected that it had been used in the commission of a crime. After the driver and defendant were asked to exit the vehicle, a firearm was found in plain view on the floorboard of the passenger side. The Second Circuit affirmed the defendant's conviction reasoning that the defendant would likely have had his foot touching the weapon, particularly in light of the driver's testimony that he had not stopped the car so suddenly as to cause the gun to come into view from underneath the seat. Because of these circumstances the court found that the defendant had constructive possession over the weapon.
The Fifth and Third Circuits have also affirmed convictions of defendants who were found to be in constructive possession of a firearm. State v. Francis, 95-194 (La.App. 5 Cir. 11/28/95), 665 So.2d 596 (finding the driver in constructive possession of a weapon found on the driver's floorboard); State v. Armentor, 94-745 (La.App. 3 Cir. 2/1/95), 649 So.2d 1187, writ denied, 95-0557 (La.6/30/95), 657 So.2d 1027, (finding the passenger in constructive possession of a weapon after a search of his person produced twenty rounds of ammunition.)
In the present case, we do not find that the evidence produced at trial proves beyond a reasonable doubt that the defendant had constructive possession of the firearm. The weapon, found under the driver's seat, was not in plain view and was only discovered after a search conducted by a K-9 unit, unlike Washington and Francis. Furthermore, the testimony elicited at trial does not establish that defendant had constructive possession of the gun. Defendant's mother, owner of the vehicle, testified she did not own the gun and had never seen it. She further stated that she allowed four members of her family, in addition to friends, use her vehicle. Any one of these people could have placed the gun in the car. Defendant's passenger testified that she did not become aware of the gun until it was produced during the search of the vehicle. Moreover, when searched, defendant did not have any ammunition on his person, as in Armentor. We therefore find such evidence was insufficient to support defendant's conviction.
Accordingly, we reverse the defendant's conviction and sentence.
REVERSED.
BYRNES, J., DISSENTS WITH REASONS.
*78 BYRNES, J., DISSENTING:
I respectfully dissent based on my conclusion that the evidence was sufficient to prove that Ray Smith had constructive possession of the firearm and to infer that Smith had knowledge that the firearm was in the car.
Smith argues that the evidence is insufficient to find him guilty beyond a reasonable doubt of all of the elements of La. R.S. 14:95.1. Smith claims that there was no evidence linking him to the firearm aside from his presence in the vehicle. No fingerprints were taken off of the gun; no one saw Smith with the gun, and no one testified that the gun belonged to the defendant. Smith claims that the State failed to prove that he had knowledge or intent to possess the marijuana. The majority points out that the firearm was not in plain view and was only discovered after a search was conducted by a K-9 unit.
When circumstantial evidence partly forms the basis of a conviction, the evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact can be inferred according to reason and common sense. State v. Hall, 524 So.2d 179 (La.App. 4 Cir.1988).
As to the element of possession, the State is required to establish constructive possession, rather than actual or attempted actual possession as noted by the majority. A defendant may be in constructive possession of a weapon not in his physical custody, if it is subject to his dominion and control. Guilty knowledge and intent, though questions of fact, need not be proved as a fact, but may be inferred from the circumstances. State v. Jones, 551 So.2d 18 (La.App. 4 Cir.1989).
In State v. Ankrum, 573 So.2d 244 (La. App. 1 Cir.1990), a confidential informant reported that the defendants were in possession of cocaine in a blue Mercury or Ford car in the Quarters section of Covington. Police officers approached the car, the vehicle was accelerated, and a chase ensued. When the officers stopped the vehicle, a struggle took place with the defendants. Evidence that cocaine was found on the right rear floorboard under debris but within reach of the three defendants supported the finding that the three defendants in the vehicle were guilty of constructive possession of cocaine. Each defendant had dominion and control over the cocaine and each knowingly possessed it.
In State v. Ashlock, 526 So.2d 511 (La. App. 3 Cir.1988), The officers obtained a search warrant for the home of Alton and Georgia Wells. The house was occupied by Mr. and Mrs. Wells and the defendant, Ashlock. A small amount of marijuana was found in the house and yard area. The police searched the vehicle and found a small sandwich bag containing suspected marijuana in the console of the vehicle. The appellate court noted that: "a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control of it." Id. at 512. Evidence showed that Ashlock had been seen driving the car which was parked at his stepfather's house where Ashlock was residing. From these facts it can be inferred that defendant had control and dominion of the automobile, and had knowledge that the vehicle contained the marijuana. The Third Circuit concluded:
In the case sub judice, a bag of marijuana was found in an automobile known to have been in defendant's control. Although it was not known in whose name the automobile was registered, it can be inferred from the circumstances presented that defendant had the requisite intent and knowledge of the marijuana. Therefore, we find that all of the elements necessary to uphold a conviction of possession of marijuana were present. [Emphasis added.]

Id. at 511.
Ownership is one indication that a defendant possessed an object; however, for a *79 defendant to have possession or constructive possession of an object, it is not necessary for a defendant to own the object. In State v. Matassa, 222 La. 363, 62 So.2d 609 (1952), testimony on the ownership of the automobile, which the defendant was driving, was found to be immaterial. The Supreme Court noted that whether the evidence connecting the defendants with a narcotic substance admitted into evidence was sufficient, was a question of fact for the jury. In State v. Lewis, 535 So.2d 943 (La.App. 2 Cir.1988), writ denied, 538 So.2d 608 (La.1989), certiorari denied by Lewis v. Louisiana, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 370 (1989), the jury was entitled to and did reject the defendant's alibi evidence that included testimony that others brought the guns to the defendant's wife for her protection where the husband and wife resided.
In State v. Wesley, 28,941 (La.App. 2 Cir. 12/13/96), 685 So.2d 1169, writ denied, 97-0279 (La.10/10/97), 703 So.2d 603, the officers were conducting routine field checks on parolees. As the officers drove past Wesley's residence, they saw three parolees in the front yard and Wesley standing on the steps. Seeing the officers, Wesley went inside and locked the doors. The officers stopped and searched the other parolees in the front yard. When an officer found a crack pipe and a rock of cocaine in one of the parolee's pockets, that subject told the officers he had purchased the rock inside the house from the defendant. When the officers knocked on the door, after three to five minutes, Wesley opened the door, stating that he had been taking a nap. The officers searched the house and found a pistol under a cushion of the couch where the defendant had been sitting. When the officers discovered the pistol, the defendant immediately advised them that the gun belonged to his girlfriend who he stated lived in the house. Although the gun was under the cushion and not in plain view, the appellate court upheld the jury's rejection of Wesley's story, and affirmed his conviction. That court noted that: "Even if he did not own the gun, defendant is guilty of possession of a firearm if he had dominion and control over the gun, even if the control was only temporary in nature and even if the control was shared." Id. at 1173. That court stated:
This court's responsibility when reviewing sufficiency of evidence does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). The critical inquiry is not what a reviewing judge may believe, but instead, whether a rational juror could have found that the evidence proved guilt beyond a reasonable doubt. Jackson, supra. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La. 1987). Id. at 1172.
In the present case the officers properly searched the vehicle because they had probable cause to arrest Smith based on the officers' information that two warrants had been issued for Smith's arrest, and Deputy Savastano observed rolling papers on the console and burn holes on the driver's side seat. The search conducted by the K-9 unit was valid because Deputy Savastano had observed drug paraphernalia in plain view in the vehicle. After the dog indicated the presence of contraband in the vehicle, the deputy performed a valid search of the automobile and found the firearm under the driver's seat.
The State did not have to prove that the defendant owned the automobile. Although Smith's mother owned the vehicle, Smith had dominion and control over the firearm under his driver's seat while he was driving the vehicle. Smith's mother, Lillie Mae Smith, testified that she did not own the gun; no one gave her a gun; and no one brought a gun to her house. The money found in the car did not belong to *80 her. Ms. Smith related that she allowed four family members, in addition to her friend, to drive her vehicle. She did not know if anyone of the other drivers had the gun. Ms. Smith testified that she was at home when the defendant came and she lent him the vehicle around 9 o'clock that morning of August 8, 1996.
Ms. Patin who was also the female passenger in the car, testified that the defendant and his nephew picked her up around 6:00 a.m. on the morning of August 8, 1996 to go fishing. She denied that she or the defendant's nephew brought the weapon with them. Ms. Patin did not see the firearm in the vehicle. Testimony was presented from which the jury could rule out that the mother/owner of the vehicle or the two passengers brought the weapon into the vehicle.
The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Washington, 30,108 (La.App. 2 Cir. 12/10/97), 705 So.2d 254, writ denied, 98-0148 (La.5/8/98), 718 So.2d 430. In the present case the jury could justifiably infer, according to reason and common sense that under the circumstances where the firearm was located under the driver's seat within the driver's reach, and the other passengers did not bring the weapon into the car, Smith had constructive possession of the firearm, and he willfully and knowingly had a weapon in the vehicle while he was the driver. The facts and circumstances surrounding the offense, when viewed in the light most favorable to the prosecution, exclude all reasonable hypotheses of innocence, and are sufficient to convince any rational trier of fact that Smith had knowledge and possession of the firearm considering that it was located under the driver's seat where he had been sitting.
Accordingly, I would affirm the defendant's conviction and sentence.