802 So.2d 909 (2001)
STATE of Louisiana
v.
Travis WILLIAMS.
No. 01-KA-644.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
*910 Paul D. Connick, Jr., District Attorney, Parish of Jefferson, Churita H. Hansell-Counsel of Record on Appeal, Terry M. Boudreaux-Appellate Counsel, Richard R. *911 Pickens-Trial Counsel, Assistant District Attorneys, Gretna, LA, Attorneys for Appellee State of Louisiana.
Holli Herrle-Castillo, Marrero, LA, Attorney for Appellant Travis Williams.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Travis Williams, appeals from his conviction of possession of cocaine, in violation of La. R.S. 40:967C, and his sentence, as a second felony offender, to four years imprisonment at hard labor, without benefit of probation or suspension of sentence. For the reasons which follow, we affirm the conviction and sentence.
On July 14, 2000, Trooper Robert Vittitoe, a member of the Louisiana State Police, was patrolling Fourth Street in Marrero, Louisiana when he noticed a vehicle with illegal window tint traveling in the opposite direction. He made a U-turn and noticed the vehicle speed up and turn into Greg's Food Mart. Trooper Vittitoe turned into the same parking lot and saw the Defendant walk away from the vehicle and into the store. Trooper Vittitoe positioned his unit directly behind the Defendant's and entered the store. The cashier said that the Defendant had just left. Trooper Vittitoe canvassed the area but was unable to find him. Next, he radioed other police units with a description of the Defendant.
Trooper Vittitoe returned to the vehicle in an attempt to ascertain the owner of the vehicle. The car was unlocked and as Trooper Vittitoe leaned into the car to open the glove compartment, he observed four rocklike substances in a black cupholder in the console by the gear shift. The substances later tested positive for cocaine. Trooper Vittitoe also found paperwork in the car with two names on it, one of which was Defendant's.[1] A criminal background check on the two names revealed that the Defendant had a rap sheet and an outstanding attachment from Second Parish Court. The other name did not have a criminal record. Trooper Vittitoe reviewed Defendant's mug shot and confirmed that the Defendant was the same person whom he saw driving the car. He went back into the store and learned that the store had a video surveillance system. He reviewed the video which showed the Defendant entering and leaving the store.
Trooper Omar Landrum responded to Trooper Vittitoe's call for assistance. Upon arriving at Greg's Food Store, Trooper Landrum reviewed the video and began looking around the neighborhood for the Defendant. At some point, the troopers decided to meet at the west traffic circle in Bridge City in order to go to the Defendant's residence to execute a warrant. While Trooper Landrum waited for Trooper Vittitoe at the west traffic circle, he spotted the Defendant leaning into a car talking to its occupants. The Defendant was wearing the same clothes that he was wearing on the store video surveillance tape. The Defendant was arrested.
The Defendant was charged in a bill of information on August 1, 2000 with possession of cocaine. He pled not guilty and filed several pre-trial motions, including a motion to suppress. There were no hearings or rulings on any of the Defendant's pre-trial motions. Nonetheless, the Defendant proceeded to trial on *912 January 11, 2001 without objection.[2] After a one-day trial by a six-person jury, the Defendant was found guilty as charged. He was subsequently sentenced to four years imprisonment at hard labor.
The State filed a habitual offender bill of information alleging that the Defendant was a second felony offender because of a prior conviction for distribution of cocaine. The Defendant filed a Motion to Quash the habitual offender bill of information, which was denied after a hearing. Thereafter, the trial court vacated the Defendant's original sentence and imposed an enhanced sentence under La. R.S. 15:529.1 of four years imprisonment at hard labor, without benefit of probation or suspension of sentence. It is from this conviction and sentence that the Defendant appeals.
On appeal, the Defendant only assigns one error and requests a review of the record for any errors patent on the face of the record.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, the Defendant argues that the evidence was insufficient to prove that he was in possession of cocaine. He contends that the mere fact that he was in the vehicle does not show that he possessed the cocaine found inside the vehicle. The Defendant maintains that nothing connects him to the car other than the testimony of Trooper Vittitoe, who saw him exit from the car. The Defendant asserts that no paperwork was produced at trial to link him to the vehicle. He further argues he was not seen in physical contact with the cocaine nor was he seen trying to dispose of the cocaine. The Defendant alleges that he was only near the car to help repair it and maintains that the cocaine belonged to the people who owned the car.
The standard for testing the sufficiency of the evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Hotoph, 99-243 (La.App. 5th Cir.11/10/99), 750 So.2d 1036, 1045, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-0150 (La.6/30/00), 765 So.2d 1066. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Stec, 99-633 (La.App. 5th Cir.11/30/99), 749 So.2d 784, 787.
To convict a defendant of possession of cocaine under La. R.S. 40:967C, the State must prove beyond a reasonable doubt that he was in possession of the cocaine and that he knowingly or intentionally possessed the cocaine. The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. A person not in physical possession of a drug may have constructive possession when the drug is under that person's dominion or control. State v. Reyes, 98-424 (La.App. 5th Cir.12/29/98), 726 So.2d 84, 88, writ denied, 99-1474 (La.10/8/99), 750 So.2d 967. Factors considered in determining whether a defendant exercised dominion and control sufficient *913 to constitute constructive possession include: 1) the defendant's knowledge that illegal drugs were in the area; 2) his relations with the person found to be in actual possession; 3) the defendant's access to the area where the drugs were found; 4) evidence of recent drug use by the defendant; 5) the existence of paraphernalia; and, 6) evidence that the area was frequented by drug users. State v. Williams, 98-1006 (La.App. 5th Cir.3/30/99), 735 So.2d 62, 69, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118, citing State v. Appacrombie, 616 So.2d 285, 288 (La.App. 2nd Cir.1993), writ denied, 623 So.2d 1302 (La.1993).
The mere presence of the defendant in the area where a controlled dangerous substance is found is insufficient to constitute constructive possession. However, proximity to the drug or association with the possessor may establish a prima facie case of possession when colored by other evidence. State v. Williams, 735 So.2d at 69.
In the present case, Trooper Vittitoe testified that he saw the Defendant driving the vehicle in which the cocaine was found. He stated that he even made eye contact with him while he was driving. Conversely, the Defendant testified that he never drove the car. He stated that the car was owned by Archie Bennett, (Bennett), a neighborhood friend. There was no documentation presented at trial regarding the ownership of the car. However, Trooper Vittitoe testified about paperwork he found in the car containing the Defendant's name. The paperwork was not presented at trial and Trooper Vittitoe could not state what type of paperwork he found. He did confirm that he was unable to find any type of vehicle registration papers.
The Defendant explained that the car had broken down the night before and Bennett called him about getting it repaired by Donald Scioneaux (Scioneaux), a mechanic with whom the Defendant works. The Defendant testified that he and Scioneaux went to look at the car on the morning of July 14, 2000. The Defendant stated that he entered the car to pop the hood. He also tried to start the car while Scioneaux looked under the hood. The Defendant maintained that he did not see any cocaine in the car. Scioneaux confirmed this account. Scioneaux further testified that, after looking at the car, he went to the store to get some parts. When Scioneaux returned, the car was gone.
In State v. Ashlock, 526 So.2d 511, 512-513 (La.App. 3rd Cir.1988), the Third Circuit found that defendant's use of an automobile was sufficient to show he had constructive possession of the marijuana found in the automobile, even though it was never established who was the registered owner of the vehicle. In State v. Owens, 554 So.2d 294, 295-296 (La.App. 5th Cir.1989), this court cited Ashlock with approval and found that the driver of a vehicle had constructive possession of the marijuana found in his vehicle. This court noted that the marijuana was found under the driver's seat and in the console and, thus, was subject to the immediate control of the driver. Also, in State v. Manson, 01-159 (La.App. 5th Cir.6/27/01), 791 So.2d. 749,[3] this court found that the defendant had constructive possession of cocaine where he was the driver of the vehicle, despite testimony that the car belonged to another person. This court noted that the car was in the defendant's *914 custody and the drugs were found in plain view of the defendant's side of the car.
Clearly, the jury chose to believe the testimony of the police officer that the Defendant was in fact driving the vehicle. As stated above, it is not the function of the appellate court to evaluate the credibility of witnesses and overturn the factual determinations of a jury. The Defendant was seen driving a vehicle in which cocaine was found in plain view in a cupholder on the console. He had custody of the car and the cocaine was within his immediate control. The possible lack of ownership of the vehicle does not negate Defendant's control over the car and its contents. Thus, we find that the Defendant had constructive possession of the cocaine.
The State was also required to show that the Defendant knowingly possessed the cocaine. The Defendant claims that he was unaware of the cocaine in the car. The element of knowledge and intent are states of mind that need not be proven as facts, but may be inferred from the circumstances. State v. Reyes, 726 So.2d at 88. Evidence of flight, concealment and attempt to avoid apprehension is relevant. It indicates consciousness of guilt. State v. Davies, 350 So.2d 586, 588 (La.1977).
When the Defendant saw the police officer, he sped up, parked and exited the car. He went into a nearby store after making eye contact with the police. The Defendant further managed to leave the store and disappear from sight. He also abandoned the car which he was driving. These actions lead to a reasonable inference that he was attempting to avoid apprehension and thus, had knowledge of the cocaine. Further, the cocaine was in plain view of the Defendant in the vehicle. Thus, viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found that the Defendant knowingly exercised dominion and control over the cocaine found in plain view in the vehicle which he was driving and, therefore, all of the essential elements of the offense of possession of cocaine were proven beyond a reasonable doubt. This assignment of error lacks merit.

PATENT ERROR REVIEW
The Defendant requests, pursuant to La. C.Cr.P. art. 920, a review of the record for errors patent: any error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The review reveals no errors patent on the record in this case.
Accordingly, for the reasons set forth above, we affirm the Defendant's conviction for possession of cocaine and his sentence to four years imprisonment at hard labor, without benefit of probation or suspension of sentence.
AFFIRMED.
NOTES
[1] At trial, Trooper Vittitoe was unable to name the second person who was identified in the paperwork.
[2] Motions pending at the commencement of trial are waived when the defendant proceeds to trial without raising as an issue the fact that the motions were not ruled upon. State v. Jackson, 99-401 (La.App. 5th Cir.10/13/99), 746 So.2d 698, 703.
[3] Writs were filed with the Louisiana Supreme Court in State v. Manson on August 6, 2001. As of this date, the Supreme Court has yet to rule.