920 So.2d 871 (2005)
STATE of Louisiana
v.
Simpson J. WRIGHT.
No. 05-KA-477.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2005.
*873 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Parish of Jefferson, Terry M. Boudreaux, Juliet Clark, Roger Jordan, Assistant District Attorneys, Gretna, Louisiana for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Defendant, Simpson Wright, was charged in a bill of information on February 24, 2003 with possession of cocaine in violation of LSA-R.S. 40:967(C). He pled not guilty and filed several pre-trial motions including motions to suppress the evidence and his statement that were denied after a hearing.[1] Defendant proceeded to trial on March 23, 2004. After a two-day trial, a six-person jury found him guilty as charged. He was sentenced to five years imprisonment and ordered to pay a $3,000 fine.
The State subsequently filed a multiple offender bill of information alleging defendant to be a fourth felony offender based on prior convictions for distribution of false drugs, simple robbery, and possession of cocaine. After a multiple bill hearing, the trial court found defendant to be a fourth felony offender, vacated his original sentence, and imposed an enhanced sentence of 30 years without the benefit of parole, probation, or suspension of sentence.

FACTS
At approximately 11:00 p.m. on February 6, 2003, Deputies Shane Klein, Sean Cursain, and Ronnie Voorhies, all with the Jefferson Parish Sheriff's Office's Street Crimes Unit, were patrolling the 4200-4300 block of Airline Drive in an unmarked police unit when they observed a vehicle abruptly pull out of the Rainbow Motel, cut across three lanes of traffic, and make a U-turn without using a turn signal. Deputy Klein explained that this area is a very high crime area known for prostitution and drug trafficking.
Deputy Klein, who was driving, initiated a traffic stop. He activated his lights and siren and the offending vehicle came to a stop shortly thereafter. Deputy Klein approached the driver's side of the vehicle while Deputy Cursain went to the passenger's side. Deputy Klein asked the driver, identified as defendant, for his driver's license, proof of insurance, and registration. Defendant, who was the sole occupant of the vehicle, stated he did not have a driver's license at which time he was asked to exit the vehicle. He was instructed to walk to the rear of the vehicle where Deputy Cursain was waiting after he had determined there were no other occupants in the vehicle.
Meanwhile, Deputy Klein illuminated the inside of the vehicle with his flashlight and saw a cellophane wrapper containing two off-white rock-like objects on the console between the driver and passenger seat. A field test conducted on the objects *874 was positive for cocaine.[2] Defendant was placed under arrest and advised of his rights. Defendant stated the vehicle belonged to a "lady friend" and gave the officers her name. Deputy Cursain ran the vehicle's license plate through the computer and determined the vehicle was not stolen. He further determined the owner of the vehicle matched the name given by defendant. The vehicle was secured off the roadway where it remained for several days.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in failing to grant the motion for new trial based on insufficient evidence to sustain the jury's verdict.

DISCUSSION
Defendant argues his conviction for possession of cocaine was based on insufficient evidence and, therefore, contends the trial court erred in denying his motion for a new trial. He argues the State failed to prove he possessed the cocaine because it failed to prove more than his mere presence in a place where the cocaine was found. He contends the evidence failed to show he had any knowledge of the cocaine or that he exercised dominion or control over it. Defendant also asserts the testimonies of Deputy Klein and Deputy Cursain were contradictory and, therefore, unbelievable. The State responds it proved defendant had constructive possession of the cocaine by the fact he was shown to be the sole occupant of the vehicle in which the cocaine was found in plain view and within his reach.
The constitutional standard for testing the sufficiency of the evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
Under LSA-C.Cr.P. art. 851, a motion for new trial is based upon the supposition that an injustice has been done to the defendant, and unless such injustice is shown, the new trial motion shall be denied, regardless of the allegations upon which the motion is based. State v. Smith, 03-832 (La.App. 5 Cir. 12/9/03), 864 So.2d 679, 681. In a motion for new trial, the trial judge can only review the weight of the evidence and, as such, make a factual review as a "thirteenth juror," instead of following the sufficiency standard enunciated in Jackson v. Virginia, supra. The ruling on a motion for new trial is within the sound discretion of the trial judge and will be disturbed on appeal only where there is a clear showing of abuse of that discretion. Id.
Defendant was charged with possession of cocaine which required the State to prove that he was in possession of the cocaine and that he knowingly possessed it. LSA-R.S. 40:967(C); State v. Robinson, 04-964 (La.App. 5 Cir. 2/15/05), 896 So.2d 1115, 1121. The element of possession may be established by showing the defendant exercised either actual or constructive possession of the cocaine. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. The mere presence of the defendant in the area where a controlled dangerous substance is found is insufficient to constitute constructive possession. However, *875 proximity to the drug may establish a prima facie case of possession when colored by other evidence. State v. Walker, 03-188 (La.App. 5 Cir. 7/29/03), 853 So.2d 61, 65, writ denied, 03-2343 (La.2/6/04), 865 So.2d 738.
In the present case, defendant was stopped while driving a vehicle in which cocaine was found in plain view on the center console between the driver's seat and passenger's seat. As the driver, defendant necessarily had dominion and control over the vehicle he was driving. As the sole occupant, it is presumed he had dominion and control over the contents of the vehicle, including the cocaine which was within his reach while he was driving. See, State v. Walker, supra, and State v. Christopher, 561 So.2d 935, 939-940 (La. App. 2 Cir.1990), writ denied, 567 So.2d 1124 (La.1990).
The fact defendant borrowed the car and did not own it is of no consequence. In State v. Ashlock, 526 So.2d 511, 512-513 (La.App. 3 Cir.1988), the Third Circuit found that the defendant's use of an automobile was sufficient he had constructive possession of marijuana found in the automobile, even though it was never established who the registered owner was. Also, in State v. Manson, 01-159 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, this Court found that a defendant had constructive possession of cocaine where he was the driver of the vehicle, despite testimony the car belonged to another person. And, in State v. Williams, 01-644 (La.App. 5 Cir. 11/27/01), 802 So.2d 909, this Court found that a defendant was in constructive possession of cocaine where the cocaine was in plain view within the car he was driving, although the car belonged to another person. Thus, under the facts of the present case, the presence of the cocaine in the vehicle, where defendant was the sole occupant, constitutes sufficient evidence of constructive possession.
Defendant asserts the evidence of possession was insufficient because only one witness, Deputy Klein, testified he saw the cocaine in the vehicle. However, in the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support the requisite factual finding. State v. Bradley, 03-384 (La.App. 5 Cir. 9/16/03), 858 So.2d 80, 84, writ denied, 03-2745 (La.2/13/04), 867 So.2d 688.
Defendant asserts that despite the assertion that the cocaine was in plain view, Deputy Klein failed to see the drugs when he first ordered defendant to exit the vehicle and Deputy Cursain failed to see the cocaine at all when he flashed his light into the passenger side of the vehicle. Deputy Klein testified that when he first ordered defendant out of the vehicle, he was watching defendant and not looking in the car. He stated he saw the drugs when he went back and illuminated the inside of the vehicle. Deputy Cursain testified that when he looked into the passenger's side of the vehicle, he was looking for other occupants. There are no internal inconsistencies or irreconcilable conflicts between the testimony of the officers and the physical evidence so as to render Deputy Klein's testimony that he observed cocaine on the center console unbelievable. The traffic stop occurred at approximately 11:00 p.m. The fact Deputy Klein did not see the cocaine when he first approached the vehicle is not suspicious. Safety is the number one concern of officers when dealing with an unknown situation in an area known for drugs. His focus was understandably on defendant, who was reaching into the back seat as Deputy Klein approached the car.
The next issue is whether defendant had guilty knowledge of the cocaine *876 found in the vehicle. Guilty knowledge is an essential element of the crime of possession of contraband. It is a state of mind that need not be proven as fact but may be inferred from the circumstances. State v. Robinson, 04-964 (La.App. 5 Cir. 2/15/05), 896 So.2d 1115, 1121. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. Id.
In State v. Christopher, 561 So.2d 935, 939-940 (La.App. 2 Cir.1990), writ denied, 567 So.2d 1124 (La.1990), the Second Circuit found the evidence sufficiently showed the defendant had guilty knowledge of the cocaine in the pickup truck he was driving. The defendant was the sole occupant of the truck. He was cooperative with the police officers and did not act suspicious. The court noted the police officer was able to observe the cocaine, at night, with only the assistance of the interior light of the truck. The court also noted that defendant did not appear surprised when informed of the presence of the substance inside his truck. The court stated that if the officer readily noticed the cocaine in the middle of the night, one would expect the defendant to have detected its presence earlier while driving the vehicle.
In the present case, Deputies Klein and Cursain testified that defendant was not very cooperative in giving them information about where he was coming from and stated he refused to sign the traffic citations. Defendant was stopped after exiting the parking lot of a motel that is known for its drug trafficking. Defendant also had no reply when he was advised that drugs were found in the vehicle. Deputy Cursain stated it was unusual for a defendant not to immediately deny knowledge or ownership of contraband found in their vehicle. Additionally, although Deputy Klein saw the cocaine while using a flashlight, he testified the cocaine was in plain view and could have been seen with only the dome light of the car. Deputy Klein further stated defendant would have seen the cocaine while driving the vehicle because it was right by the stick shift. From this evidence, a rational juror could infer defendant had guilty knowledge of the cocaine in the vehicle.
Viewing the evidence in the light most favorable to the prosecution, the evidence was sufficient to support defendant's conviction beyond a reasonable doubt. Thus, the trial court did not err in denying defendant's motion for new trial.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in imposing a thirty (30) year sentence for possession of cocaine.

DISCUSSION
Defendant argues his enhanced 30-year sentence as a fourth felony offender is excessive. He contends the sentence is tantamount to a life sentence at his age of 47. He asserts the evidence was weak as the cocaine was found amidst trash in a car that he borrowed. He maintains he is only guilty of a minor traffic violation. Defendant further argues the sentence was retribution for exercising his right to a multiple bill hearing since the trial court had indicated it would have imposed a 20-year sentence had he pled guilty to the multiple bill.
It is noted defendant failed to file a motion to reconsider his sentence and, therefore, is limited to a bare constitutional review of the excessiveness of his *877 sentence.[3]State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is excessive if it is grossly disproportionate to the seriousness of the offense so as to shock our sense of justice, or if it imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Girod, 04-854 (La.App. 5 Cir. 12/28/04), 892 So.2d 646, 650, writ denied, 05-0597 (La.6/3/05), 903 So.2d 455.
Defendant was found to be a fourth felony offender with predicate convictions of distribution of false drugs, simple robbery, and possession of cocaine. As such, defendant faced a sentencing range of twenty years to life imprisonment without benefit of probation or suspension of sentence. LSA-R.S. 15:529.1(A)(1)(c)(i). He received a thirty-year sentence, which is at the lower end of the sentencing range.
Similar sentences have been held to be constitutional for similarly situated offenders. In State v. Girod, supra, this Court upheld defendant's 35-year sentence as a fourth felony offender. Defendant faced a sentencing range of twenty years to life. His underlying conviction was for possession of a stolen thing and his predicates included simple robbery, possession of PCP, and possession of cocaine. Also, in State v. Williams, 02-1016 (La.App. 5 Cir. 2/25/03), 841 So.2d 936, 946-947, this Court did not find defendant's enhanced thirty-year sentence as a fourth felony offender with an underlying conviction for possession of cocaine to be excessive.[4] Furthermore, in State v. Franklin, 31,068 (La.App. 2 Cir. 9/23/98), 719 So.2d 578, 583, writ denied, 98-2982 (La.3/19/99), 739 So.2d 781, the Second Circuit found the record supported an enhanced sentence of forty years on a conviction for possession of cocaine with the intent to distribute for a fourth felony offender.
The multiple offender law expresses clear legislative intent; repeat offenders are to receive serious sentences. State v. Girod, supra at 651. When reviewing a sentence on appeal, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad discretion. State v. Walker, 00-3200 (La.10/12/02), 799 So.2d 461, 462.
Considering defendant's criminal history with one of his predicate offenses being a crime of violence, defendant's sentence of thirty years, which is only ten years above the minimum twenty-year sentence, is not excessive.
This assignment of error is without merit.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The following matter was discovered:
The trial court imposed an illegal sentence when it imposed defendant's enhanced *878 sentence without the benefit of parole. Defendant was found to be a fourth felony offender and sentenced to thirty years under LSA-R.S. 15:529.1(A)(1)(c)(i). LSA-R.S. 15:529.1(G) states that a sentence imposed under the provisions of the Habitual Offender Laws shall be without benefit of probation or suspension of sentence. Neither LSA-R.S. 15:529.1(A)(1)(c)(i) nor LSA-R.S. 40:967(C) provide that defendant's enhanced sentence be served without the benefit of parole. Therefore, defendant's sentence is hereby amended to allow for the possibility of parole. See, State v. Chirlow, 99-142 (La.App. 5 Cir. 6/1/99), 738 So.2d 679, 684-685, writ denied, 99-1996 (La.1/7/00), 752 So.2d 176.

DECREE
Accordingly, for the reasons assigned herein, the conviction of defendant, Simpson J. Wright, is hereby affirmed. His sentence is amended to allow for the possibility of parole, but in all other respects is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.
NOTES
[1] The appellate record does not contain the written motions to suppress the evidence and statement. However, the record contains a transcript of a hearing on the motions.
[2] The parties stipulated at trial that the rocklike objects were later tested by the crime lab and tested positive for cocaine. (R., p. 169).
[3] Although defendant filed a pro se "motion seeking a review of an illegal sentence and correction of this illegal sentence," the motion substantively raised the issue of sufficiency of the evidence and did not complain of the excessiveness of his sentence.
[4] This Court first determined defendant should have been sentenced to life under the pre-amendment version of LSA-R.S. 15:529.1 but declined to correct the illegally lenient sentence on appeal before addressing the merits of the excessiveness of his thirty-year sentence.