526 So.2d 452 (1988)
STATE of Louisiana
v.
Philip KNIGHT.
No. 87-KA-840.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
Bruce G. Whittaker, Twenty-Fourth Judicial Dist. Indigent Defender Bd., Gretna, for defendant-appellant.
Dorothy A. Pendergast, Dist. Atty's. Office, Twenty-Fourth Judicial Dist., Gretna, for plaintiff-appellee.
Before BOWES, GRISBAUM, and GOTHARD, JJ.
GRISBAUM, Judge.
Philip Knight was indicted for two counts of aggravated rape (La.R.S. 14:42) and two counts of aggravated crime against nature (La.R.S. 14:89.1). The two victims were sisters, aged five and seven years. The charges for the crime against the seven year old were dismissed. The appellant was tried for the aggravated rape and the aggravated crime against nature upon the five year old before a 12-person jury on May 19 and 20, 1987. The jury returned a verdict of guilty to aggravated crime against nature and not guilty to aggravated rape. On August 6, 1987, the appellant was sentenced to ten years' imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. We affirm the conviction and sentence and set aside the district attorney's November 19, 1987 dismissal of the indictment.
ISSUES
The defendant, in brief, urges this Court to review the record for error patent. Our review discloses two issues:
(1) When the trial judge instructed the jury to render one of five possible verdicts for the charge of aggravated crime against nature and the jury returned a signed verdict of "guilty," which did not specify guilty to which offense, did the verdict fail to clearly convey the intention of the jury as required by La.C.Cr.P. art. 810, and
(2) Did the district attorney's dismissal of the charge of aggravated crime against nature following the defendant's conviction and sentence for that crime serve to dismiss *453 the case entirely, or serve to bar any further prosecution for the charge dismissed?
FACTS
Barbara and Robert Hunter had four children, among them the victims Rojean and Rosalin, ages five and seven, respectively. The couple separated, and the children stayed with their mother. When Mrs. Hunter was hospitalized for a stroke and a heart attack on April 1, 1985, the children went to live with their father. At that time, the couple had been separated for three years but had not divorced, and custody was informally decided between them. Mrs. Hunter testified that when her children went to live with their father, Philip Knight and Cheryl Johnson, Mr. Hunter's girlfriend, were staying there. When Mrs. Hunter was discharged from the hospital at the end of April 1985, her children returned to live with her. Shortly thereafter, Mr. Hunter allegedly broke into Mrs. Hunter's house at 5 a.m. and took the keys and the two victims, Rojean and Rosalin. The girls returned to live with their mother in December, and on December 17 and 18, Mrs. Hunter took Rojean to Charity Hospital because Rojean had a sore throat, fever, and vaginal discharge. The diagnosis of the doctors at Charity was strep throat and gonorrhea. The police were contacted, and both Rosalin and Rojean identified Philip Knight in separately conducted photographic lineups as one of the men who had molested them. Rosalin Hunter was unable to testify due to psychological problems, and Knight was tried for one count of aggravated rape (case No. 86-545) and one count of aggravated crime against nature (case No. 86-544) as to Rojean Hunter only. On May 20, 1987, the jury rendered a verdict of "guilty" in case No. 86-544 without specifying whether it found defendant guilty as charged or guilty of a lesser included offense. The jury found him "not guilty" of aggravated rape in case No. 86-545. After Knight was convicted and sentenced, the district attorney nolle prossed the indictment which led to Knight's prosecution, conviction, and sentence for aggravated crime against nature.
LAWISSUE ONE
La.C.Cr.P. art. 920 provides: "The following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." Our jurisprudence, in interpreting La.C.Cr. P. art. 920, has repeatedly stated that
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. (emphasis added).
State v. Flowers, 509 So.2d 588, 593 (La. App. 5th Cir.1987), citing State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir. 1986). Additionally, La.C.Cr.P. art. 810 states:
When a verdict has been agreed upon, the foreman shall write the verdict on the back of the list of responsive verdicts given to the jury and shall sign it. There shall be no formal requirement as to the language of the verdict except that it shall clearly convey the intention of the jury.

The foreman of the jury shall deliver the verdict to the judge in open court. (emphasis added).
La.C.Cr.P. art. 813 states:
If the court finds that the verdict is incorrect in form or is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a case the court shall read the verdict, and record the reasons for refusal.
We are further aided by Louisiana jurisprudence which tells us that when a verdict is ambiguous, the intent of the jury can be determined by reference to the pleadings, *454 the evidence, the admissions of the parties, the instructions, and the forms of the verdicts submitted. State v. Williams, 386 So.2d 1342, 1347 (La.1980), citing State ex rel. Miller v. Henderson, 329 So.2d 707 (La.1976) and State v. Broadnax, 216 La. 1003, 45 So.2d 604 (La.1950).
Moreover, in State v. Broadnax, supra, 45 So.2d at 606, the Louisiana Supreme Court cited 23 C.J.S., Criminal Law, § 1398, p. 1077, stating:
The verdict should be expressed in plain and intelligible words, so that its meaning may be understood readily by the court in giving judgment thereon. The verdict should be sufficiently definite, certain, and specific to identify the crime. Where the verdict is so indefinite and uncertain as to be unintelligible, it is invalid.
However, a strict adherence to the statutory form of verdict usually is not required; and although the verdict is informal or contains inaccuracies in the language used, if the intention of the jury to return a verdict of guilty or not guilty of the offense charged maybe understood readily, it is sufficient; any words which convey beyond a reasonable doubt the meaning and intention of the jury are sufficient.

A verdict will not be void for uncertainty if its meaning can be determined by reference to the record. ... (emphasis found in the original and emphasis added).
ANALYSISISSUE ONE
The record shows that, after the trial judge received the two separate verdicts of the jury pertaining to the charges of aggravated rape and aggravated crime against nature and after the clerk announced the verdicts, Mr. Farmer, the defense counsel, asked that the jury be polled. Our review of the transcript reveals the following colloquy:
THE COURT:
As to the return of aggravated crime against nature which is guilty as charged.

MR. FARMER [Defense Counsel]:
That is correct.
THE COURT:
And again, I assume that ten voted in this matter returning a verdict of guilty. I will, at this time relative to this charge which 86-544, hand you signature slips. Again, if you did vote guilty as charged and it is your vote, you will sign that as yes, again showing that it was your vote. If you did not vote this way, show it no.
Counsel will again approach the bench. For the record, relative to guilty as charged, aggravated crime against nature, the response of the jury on the return was guilty. We have ten to two guilty.... (emphasis added).
We do take note that the instructions by the trial court did not ever list the single word "guilty" as a possible verdict representing the degree of the offense found on the indictment, namely, aggravated crime against nature. We also note that the trial judge did instruct the jury that the foreperson must write the verdict on the back of the list of responsive verdicts, sign the verdict, and deliver it to the trial judge in open court, reiterating that a separate verdict was required for each indictment.
From our review of the record in its entirety, we find that the verdict (per se), as signed by the foreperson on the back of the list of responsive verdicts given to the jury, was not a responsive one. However, the colloquy by the trial court in its polling of the jury clearly shows that each juror was asked by the court whether he/she found the defendant "guilty as charged," and each juror clarified the verdict for the court. We repeat, but for this clarification, the verdict would not have been a responsive verdict. When viewed together, the verdict and the jury poll clearly convey the intention of the jury. Therefore, under La.C.Cr.P. art. 810 and Louisiana jurisprudence, we find the record shows that the jury's verdict clearly conveyed their intention, namely, to find this defendant guilty of aggravated crime against nature as charged.
LAWISSUE TWO
La.C.Cr.P. art. 691 provides:

*455 The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.
Further, La.C.Cr.P. art. 692 provides, "After conviction, the district attorney is authorized to dismiss an indictment or count thereof only: (1) When a new trial has been granted. (2) When a motion in arrest of judgment has been sustained."
ANALYSISISSUE TWO
The record shows the bill of information for case No. 86-544 charged Knight with "aggravated crime against nature with one Rosalin Hunter, age 7, by oral copulation," and "aggravated crime against nature with one Rojean Hunter, age 5, by oral copulation." The notation on the lower right-hand side of the bill of information as well as the minute entry indicate that the district attorney dismissed both counts of the indictment on November 19, 1987, not just the count as to Rosalin Hunter that was not prosecuted. This dismissal took place after the defendant was sentenced on August 6, 1987. Nothing in the record indicates that the trial judge gave the district attorney permission to dismiss the indictment, although the minutes reflect that the entire indictment was dismissed. In State v. Hoyal, 516 So.2d 146, 149 (La.App. 5th Cir.1987), this Court addressed the issue of a prosecutor's authority to nolle prosse an indictment after the defendant was convicted and before sentencing by stating:
[O]ur jurisprudence indicates that the district attorney's office can enter a nolle prosse after the verdict has been rendered and before sentencing as long as he has the trial court's permission. See State ex rel. Bier v. Moise, 48 La.Ann. 144, 18 So. 956 (La.1895); State ex rel. Bier v. Klock, 48 La.Ann. 140, 18 So. 942 (La.1895); State ex rel. Butler v. Moise, 48 La.Ann. 109, 18 So. 943 (La.1895). We note the trial judge granted the district attorney's motion to nolle prosse the indictment for aggravated rape. We suggest that a reading of La.C.Cr.P. art. 692 in pari materia with art. 691 and the jurisprudence interpreting it makes it apparent that the limitations in art. 692 were meant to apply to the district attorney's authority to nolle prosse a case without the consent of the court. Therefore, art. 692 is not a bar to the nolle prosse per se. (footnote omitted).
Noting specifically that the record does not reflect that the trial judge gave the district attorney permission to dismiss the indictment, statutory law and this Court's policy as stated in State v. Hoyal, supra, cause us to find the district attorney had no authority whatsoever to dismiss the indictment once the conviction had taken place.
For the reasons assigned, the conviction and sentence are affirmed, and the dismissal by the district attorney, executed on November 19, 1987, is hereby set aside.
CONVICTION AFFIRMED AND DISMISSAL SET ASIDE.