896 So.2d 1115 (2005)
STATE of Louisiana
v.
Crystal D. ROBINSON.
No. 04-KA-964.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 2005.
*1119 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Anne Wallis, Donald A. Rowan, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Katherine M. Franks, Louisiana Appellate Project, Slidell, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
Defendant, Crystal Robinson, appeals her conviction and sentence on a charge of possession of cocaine, a violation of La. R.S. 40:967(C). For reasons that follow, we affirm.
Defendant was charged in a bill of information on May 24, 2004 with possession of cocaine in violation of La. R.S. 40:967(C). She pled not guilty and filed several pre-trial motions.[1] She proceeded to trial on May 12, 2004 and a six-person jury found her guilty.[2] Defendant was subsequently sentenced under La.C.Cr.P. art. 893 to two years at hard labor which was suspended in favor of two years of active probation. The general conditions of probation were imposed and she was ordered to pay a $300 fine and court costs.

FACTS
On January 17, 2004, Officer Calvin Prevou with the Kenner Police Department was patrolling Veterans Boulevard when he observed a vehicle being driven without its headlights. He turned on his lights and conducted a traffic stop of the vehicle. He approached the driver, later identified as defendant, advised her that she was being stopped for driving without her headlights and asked for her driver's license and vehicle registration information. Defendant stated she did not have a driver's license, at which time Officer Prevou placed her under arrest. Officer Prevou explained it was Kenner's policy to arrest individuals driving without a driver's license.
He handcuffed defendant and conducted a cursory pat down for weapons and contraband. Officer Prevou did not find anything during the search and placed defendant into his patrol car. He advised defendant's boyfriend, who was a passenger in the vehicle, that he could pick up defendant from jail in less than two hours.
En route to lockup, Officer Prevou noted defendant was squirming in the back seat. When they arrived at lockup, Officer Prevou removed defendant from his patrol car and checked the back seat pursuant to policy. He lifted up the back seat and discovered a partially cut straw and a clear plastic bag that contained an off-white substance, which later tested positive for cocaine. Officer Prevou confronted defendant who responded by stating the bag was not hers.
*1120 Defendant testified at trial. She indicated it was possible she was driving without her headlights and admitted she was driving without a driver's license. She denied the drugs in the patrol car were hers. Defendant's boyfriend and sister testified that they had never seen defendant with or use cocaine.

LAW
In brief to this court, defendant assigns three errors. Specifically, defendant asserts that the trial judge erred in allowing the prosecutor to exercise his peremptory challenges in a racially discriminatory manner. Further, defendant argues that the trial judge erred in overruling the defense objection to the prosecutor eliciting testimony regarding defendant's post arrest silence. In the third assignment of error, defendant asserts that the jury did not act as a rational trier of fact when it found that the defendant had possessed the cocaine found in the back of the police unit.
Because defendant's third assignment of error relates to sufficiency of evidence, we will address it first in accordance with State v. Hearold, 603 So.2d 731, 734 (La.1992). In Hearold, the Louisiana Supreme Court stated that, when the issues on appeal relate to both sufficiency of the evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence.

ASSIGNMENT OF ERROR NUMBER THREE
The jury did not act as a rational trier of fact when it found that Crystal Robinson had possessed the cocaine found in the back of the police unit.
Defendant argues the evidence was insufficient to support her conviction for possession of cocaine.[3] She contends the jury based its guilty verdict on the unbelievable testimony of the State's only witness. Defendant asserts the clothes she was wearing on the night of her arrest were so tight that it would have been impossible for her to have hidden a bag of cocaine and a straw that would not have been detected during the pat down search. She also alleges there was no evidence of guilty knowledge. She maintains she made no furtive movements in an attempt to disclose or hide drugs and that she exhibited no unusual behavior. Defendant suggests the cocaine belonged to the person previously transported by Officer Prevou.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under Jackson, a reviewing court does not ask itself whether it believes the evidence at trial established guilt beyond a reasonable doubt but whether a rational trier of fact could have reasonably found defendant guilty beyond a reasonable doubt. In applying this standard, the reviewing court *1121 does not assess the credibility of the witnesses, nor reweigh evidence. State v. Bradley, 03-384 (La.App. 5 Cir. 9/16/03), 858 So.2d 80, 84, writ denied, 03-2745 (La.2/13/04), 867 So.2d 688. The fact finder's decision to accept or reject the testimony of a witness in whole or in part is afforded great deference. State v. Reyes, 98-424 (La.App. 5 Cir. 12/29/98), 726 So.2d 84, 88, writ denied, 99-1474 (La.10/8/99), 750 So.2d 967.
To support a conviction for possession of cocaine, the State must prove that a defendant was in possession of the drug and that she knowingly or intentionally possessed it. La. R.S. 40:967(C); State v. Reyes, supra. Guilty knowledge is an essential element of the crime of possession of contraband. It is a state of mind that need not be proven as fact but may be inferred from the circumstances. Id. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Bradley, supra at 84.
Defendant argues there was no evidence of guilty knowledge and claims the jury erred in rejecting her defense and believing the testimony of Officer Prevou. Officer Prevou testified he had searched his patrol car after transporting his last suspect and before arresting defendant. He explained the search consisted of pulling the back seat completely out of the unit, checking under the rubber mats and under the back seat rest. He testified nothing was under the back seat before he went back out on patrol. Officer Prevou stated he conducted a cursory pat down search of defendant prior to placing her in the patrol unit but explained he did not reach into her pockets. He further testified defendant squirmed in the back of the patrol car while being transported to the jail. Officer Prevou stated that, upon arrival at the jail, he removed defendant from the patrol car and again searched the back seat of the unit, in accordance with department policy, at which time he found the bag of cocaine. He explained the bag was found underneath the area where defendant had been sitting.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. State v. Stec, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 787. The jury obviously chose to believe Officer Prevou's testimony that the bag appeared only after defendant had been sitting in the patrol car. There is nothing in Officer Prevou's testimony that is internally contradictory or that conflicts with physical evidence. Defendant argues her clothes were so tight that she could not have hid the bag of cocaine where it would not have been detected during the pat down search. Defendant was allowed to model the tight clothing for the jury in support of her position. After seeing defendant in the tight clothing, the jury obviously chose to reject defendant's argument.
Regarding defendant's guilty knowledge, a rational trier of fact could reasonably infer that the bag must have been placed there by defendant. The mere fact defendant was polite and cooperative with the police does not negate a finding of guilty knowledge. Defendant was squirming in the police unit and discarded the bag of cocaine prior to arriving at the jail, where she would have been more thoroughly searched. A rational trier of fact could infer from the circumstances that *1122 defendant discarded what she knew was contraband.
A reviewing court does not reevaluate credibility determinations made by the trier of fact. Viewing the facts in a light most favorable to the prosecution, the record supports the jury's finding that defendant possessed the bag of cocaine and that she knew of the illegal contents of the bag.

ASSIGNMENT OF ERROR NUMBER ONE
The trial judge erred in allowing the prosecutor to exercise his peremptory challenges in a racially discriminatory manner.
Defendant argues the trial court erred in denying her Batson[4] challenge. She claims the State used two of its peremptory challenges to exclude two black females, Chanda Little and Anita Fields, from the jury. Defendant concedes the State's explanation that it excluded Ms. Little based on her employment as a school teacher has been jurisprudentially accepted as a valid race-neutral ground for exercising a peremptory challenge. However, defendant asserts the State's reason for excluding Ms. Fields, because she was nervous, was not a race-neutral reason. Defendant alleges a white juror, Ms. Relayson, also stated she was nervous during voir dire but was not peremptorily challenged by the State. Thus, defendant contends the trial court erred in excluding Ms. Fields from the jury.
The State responds by noting the trial court never made a specific finding of a prima facie case of discrimination. The State states that it nonetheless offered race-neutral reasons for its peremptory challenges. The State maintains the trial court has great discretion in ruling on a Batson challenge and that there is nothing in the record that shows the peremptory challenges were motivated by or based on race.
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the Equal Protection Clause prohibits the peremptory challenge of a prospective juror based on race. In Batson, the Supreme Court set forth a three-step analysis to determine whether the jury selection was made in an impermissibly discriminatory manner.
First, a defendant must establish a prima facie case of discrimination by showing facts and relevant circumstances that raise an inference that the prosecutor used his or her peremptory challenges to exclude potential jurors on the basis of race. Batson, 476 U.S. at 94, 106 S.Ct. at 1721, 90 L.Ed.2d at 86; State v. Joseph, 01-360 (La.App. 5 Cir. 10/17/01), 802 So.2d 735, 739, writ denied, 02-232 (La.12/13/02), 831 So.2d 979. In State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 288, the Louisiana Supreme Court discussed how a defendant may establish his prima facie case:
The defendant may offer any facts relevant to the question of the prosecutor's discriminatory intent to satisfy this burden. Such facts include, but are not limited to, a pattern of strikes by a prosecutor against members of a suspect class, statements or actions of the prosecutor which support an inference that the exercise of peremptory strikes was motivated by impermissible considerations, the composition of the venire and of the jury finally empaneled, and any other disparate impact upon the suspect *1123 class which is alleged to be the victim of purposeful discrimination.
If the defendant fails to make a prima facie case, then the challenge fails.
Second, if a prima facie case is established, the burden shifts to the State to come forward with a race-neutral explanation for its peremptory challenges. Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834, 839 (1995). To be facially valid, the prosecutor's explanation need not be persuasive, or even plausible; thus, unless the discriminatory intent is inherent in the prosecutor's explanation, the reason will be deemed race-neutral. Purkett, 514 U.S. at 768, 115 S.Ct. at 1771, 131 L.Ed.2d at 839; State v. Joseph, supra. Whether the State's reasons are substantial and, more importantly, whether they are substantiated by the record, are questions for the third stage in the Batson analysis. State v. Jones, 98-842 (La.App. 5 Cir. 2/10/99), 729 So.2d 57, 62.
Third, if a race-neutral explanation is tendered, then the trial court must determine whether the defendant has established purposeful discrimination. Purkett, supra; Batson, supra. It is at this stage of the analysis that persuasiveness of the race-neutral explanation comes into play. At this stage, "implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination." Purkett, supra; State v. Jones, supra at 61. The question is "whether the defendant's proof, when weighed against the prosecutor's proffered race-neutral reasons, is sufficient to persuade the trial court that such discriminatory intent is present." State v. Hobley, 98-2460 (La.12/15/99), 752 So.2d 771, 783, cert. denied, 531 U.S. 839, 121 S.Ct. 102, 148 L.Ed.2d 61 (2000). The focus is upon the intent of the prosecutor at the time the peremptory strike was used. Id. The trial court should consider all other statements or actions by the prosecutor during voir dire to determine discriminatory intent. Id.
A trial judge's ruling on a Batson challenge is afforded great discretion. In State v. Toussaint, 98-1214 (La.App. 5 Cir. 5/19/99), 734 So.2d 961, 964, writ denied, 99-1789 (La.11/24/99), 750 So.2d 980, this Court explained:
A trial judge's determination pertaining to purposeful discrimination rests largely on credibility evaluations, so his findings are entitled to great deference by the reviewing court.... The trial judge, advantaged by observing the characteristics and demeanor of the attorneys and prospective jurors, occupies the best position for deciding whether a discriminatory objective underlies peremptory challenges....
(Citations omitted).
A single instance of race discrimination during the jury selection process, which is not identified and corrected by the trial court, constitutes reversible error. Batson, 476 U.S. at 95-96, 106 S.Ct. at 1722-1723; State v. Lewis, 01-155 (La.App. 5 Cir. 8/28/01), 795 So.2d 468, 471, writ denied, 01-2682 (La.8/30/02), 823 So.2d 939.
Defendant made a Batson challenge after the State exercised its fourth peremptory challenge arguing that the State had excluded the only black female jurors on the panel.[5] The prosecutor immediately asked the trial judge, "Your Honor, would *1124 you like me to respond?" The trial judge stated, "Go ahead and respond for the record." Thereafter, the prosecutor explained that he had struck Ms. Little because she was a school teacher and, as a general rule, he did not keep school teachers. The prosecutor further noted that Ms. Little's husband was a pastor, which meant to him that they were social workers. The prosecutor then explained he excluded Ms. Fields because she stated she was nervous about judging someone else. Defendant noted that other prospective jurors had stated they were nervous and were not excluded from the jury, including Ms. Relayson who was white. The trial judge subsequently denied defendant's Batson challenge.
The record reveals that the trial judge did not rule on whether defendant met his burden to establish a prima facie case of racial discrimination. However, once a prosecutor offers a race-neutral explanation for the peremptory challenge and the trial judge rules on the ultimate question of intentional discrimination, the issue of whether defendant made a prima facie showing becomes moot. State v. Odoms, 01-1033 (La.App. 5 Cir. 3/26/02), 815 So.2d 224, 235, writ denied, 02-1185 (La.11/22/02), 829 So.2d 1037 (citing State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 288). Thus, the question is whether the prosecutor offered sufficient race-neutral explanations for his peremptory challenges.
On appeal, defendant concedes the State's race-neutral explanation for excluding Ms. Little was valid and only challenges the race-neutral explanation offered for the exclusion of Ms. Fields. The State explained that it peremptorily challenged Ms. Fields because she stated she was nervous about judging someone else. The State's reason for excluding Ms. Fields appears facially race-neutral and, therefore, the next inquiry is whether defendant proved a discriminatory intent.
In State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832, 839-842, defendant made a Batson challenge to the State's peremptory strikes of several prospective black jurors. As to one of the prospective jurors, the State explained that it excluded the juror because he appeared "very nervous" throughout questioning and was concerned he would be missing class as a student teacher. The Louisiana Supreme Court found no abuse of the trial court's denial of defendant's Batson claim. The supreme court noted that "[t]he prosecutor's reasons constituted `legitimate' grounds for the exercise of a peremptory strike." Id. at 841-842. The supreme court found the defendant offered "no facts or circumstances supporting an inference that the State exercised its strikes in a racially discriminatory manner." Id. at 842. The supreme court concluded the record did not show the State employed purposeful discrimination in its use of peremptory challenges.
In State v. Woods, 97-0800 (La.App. 1 Cir. 6/29/98), 713 So.2d 1231, writ denied, 98-3041 (La.4/1/99), 741 So.2d 1281, the defendant asserted a Batson challenge after the State peremptorily challenged seven black members of the jury venire. In denying the Batson challenge, the trial court noted that one of the challenged jurors was nervous and "`stated something *1125 about not wanting to judge her fellow man.'" Id. at 1234. The trial court found that to be a race-neutral reason for exclusion. The First Circuit agreed and found such a reason to be race-neutral. The First Circuit concluded there was nothing in the record to show the State employed a tactic of purposeful racial discrimination in its exercise of peremptory challenges.
Likewise, in the present case, we find there is nothing in the record to suggest the State employed a tactic of purposeful racial discrimination in exercising its peremptory challenges. The exact racial composite of the jury venire is not contained in the record. The only indication of race in the record is defense counsel's notation for the record that Ms. Little was a black female and then defense counsel's subsequent Batson challenge after the exclusion of Ms. Fields. The State maintains that it used two of its peremptory challenges on two jurors who were not black. The record shows the State peremptorily excluded one juror prior to Ms. Little and one after Ms. Little that drew no objection or notation of racial composite from defense counsel. A review of the entire voir dire shows that none of the prosecutor's questions were related to race.
Defendant has offered no facts or circumstances that would support any inference that the State used its peremptory challenge for a racially discriminatory purpose. Although defendant argued that a white juror with similar feelings as Ms. Fields was not excluded by the State, such an argument is inconsequential. See, State v. Bridgewater, 00-1529 (La.1/15/02), 823 So.2d 877, 897, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089, (2003) (quoting State v. Taylor, 99-1311 (La.1/17/01), 781 So.2d 1205, 1212, cert. denied, 534 U.S. 844, 122 S.Ct. 106, 151 L.Ed.2d 64 (2001)), where the Louisiana Supreme Court stated, "`although the voir dire responses of [the striken] [sic] prospective juror Porter are not markedly different from other venire-persons who actually sat on the jury, the defendant fails to show that the trial court erred when it accepted the state's race-neutral explanation for the strike.'"
Considering a trial judge's determination pertaining to purposeful discrimination rests largely on credibility evaluations and great deference is given to the trial judge in his determination, we find the trial court did not err in denying defendant's Batson challenge. The trial judge was in the best position to determine the prosecutor's sincerity in his reason for challenging Ms. Fields and found no purposeful discrimination, a determination that is supported by the record.

ASSIGNMENT OF ERROR NUMBER TWO
The trial judge erred in overruling the defense objection to the prosecutor eliciting testimony regarding defendant's post-arrest silence.
Defendant claims the State impermissibly elicited testimony from Officer Prevou regarding her post-arrest silence. She contends Officer Prevou testified that defendant did not give a statement after her arrest despite being afforded the opportunity. Defendant maintains a mistrial should have been granted because the reference to her post-arrest silence was elicited for the sole purpose of impeaching any explanation she offered at trial.
In Doyle v. Ohio, 426 U.S. 610, 620, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that reference to a defendant's silence at the time of his arrest, and after he had received the *1126 Miranda warnings, for impeachment purposes violates the defendant's due process rights. The Supreme Court explained, "every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested .... it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." Doyle v. Ohio, 426 U.S. at 617-618, 96 S.Ct. at 2244-2245, 49 L.Ed.2d at 97-98.
Not every mention of the defendant's post-arrest silence is prohibited by Doyle. Doyle only condemns the use of defendant's silence at the time of arrest and after Miranda warnings for impeachment purposes. Meaning, a prosecutor cannot make reference to the fact an accused exercised his constitutional right to remain silent, after he had been advised of the right, solely to ascribe a guilty meaning to his silence or to undermine, by inference, an exculpatory version related by the accused, for the first time at trial. State v. Arvie, 505 So.2d 44, 46 (La.1987); State v. Ledesma, 01-1413 (La.App. 5 Cir. 4/30/02), 817 So.2d 390, 393.
In contrast, an oblique and obscure reference to a defendant's post-arrest silence, where the examination does not stress the right to remain silent or attempt to elicit testimony regarding the defendant's failure to respond to police questioning does not constitute reversible error. State v. Ledesma, supra at 393. Thus, the State may pursue a line of questioning that attempts to summarize the extent of the investigation, when such questions are not designed to exploit the defendant's failure to claim his innocence after his arrest in an effort to impeach his testimony or attack his defense. Id.
Under La.C.Cr.P. art. 771, when the prosecutor or a witness makes a reference to a defendant's post-arrest silence, the trial court is required, upon the request of the defendant or the State, to promptly admonish the jury. In such cases where the trial court is satisfied that an admonition is not sufficient to assure the defendant a fair trial, the court may grant a mistrial upon motion of the defendant. State v. Kersey, 406 So.2d 555, 559 (La.1981). The granting of a mistrial is within the discretion of the trial court if the trial court is satisfied that an admonition is not sufficient to assure the defendant a fair trial. State v. Procell, 365 So.2d 484, 491 (La.1978), cert. denied, 441 U.S. 944, 99 S.Ct. 2164, 60 L.Ed.2d 1046 (1979). A brief reference to a defendant's post-arrest silence does not mandate a mistrial or reversal when the trial as a whole was fairly conducted, the proof of guilt is strong, and the prosecution made no use of the silence for impeachment purposes. State v. Ledesma, supra at 393.
In State v. Kersey, supra, the defendant challenged the prosecutor's examination of the arresting officer on the basis it elicited testimony regarding defendant's post-arrest silence. The prosecutor asked the arresting officer, "[d]id [defendant] give any further statements or did he assert his right to remain silent at this point?" to which the arresting officer responded defendant asserted his right. The supreme court found the reference to defendant's silence, when considered in context with the rest of the officer's testimony, was made in an attempt to show that the entire statement made to the officers had been provided to the jury. The supreme court noted the testimony showed defendant was advised of his Miranda rights and then willingly answered a succession of questions. The supreme court further noted *1127 the reference to defendant's post-arrest silence "arose at the close of the officer's testimony and was more a way of exploring how the interrogation was concluded than an effort to call attention to the silence." Id. at 559. The supreme court held defendant was not prejudiced by the reference to his post-arrest silence and, therefore, a reversal of the conviction was not warranted.
In the present case, defendant challenges testimony given by Officer Prevou on redirect examination. On redirect, Officer Prevou testified that a suspect is given the opportunity to give a voluntary statement after being advised of his rights. The State then specifically asked Officer Prevou if defendant had been given the opportunity to give a voluntary statement. Officer Prevou responded that defendant had been given an opportunity to give a statement but that she did not do so. It is important to consider this testimony in light of the entire record.
On direct examination, Officer Prevou testified that, upon being confronted with the bag of cocaine, defendant immediately said, "`that's not mine.'" On cross-examination, defense counsel further inquired about defendant's statement. In response to defense counsel's questioning, Officer Prevou admitted that defendant's denial statement was not contained in the police report. He explained that certain things, such as a spontaneous statement, are not always included in a police report. Officer Prevou stated that he chose not to put defendant's spontaneous statement in his report. On redirect, Officer Prevou stated that his police reports include a suspect's inculpatory statement but do not include exculpatory statements. He explained the reason for excluding exculpatory statements is that a suspect is given the opportunity to give a voluntary statement. Officer Prevou then testified that defendant was afforded this opportunity but that she did not give a voluntary statement.
Officer Prevou's testimony during redirect examination, which briefly referenced defendant's post-arrest silence, was responsive to an issue raised by defense counsel during cross-examination and explained why defendant's spontaneous exculpatory statement was not included in the police report. His testimony further served to show the jury the extent of the investigation and that defendant's entire statement was before them. The prosecutor did not pursue the issue of defendant's post-arrest silence and did not draw attention to the fact defendant declined to give a statement. After Officer Prevou's testimony, the State did nothing to emphasize defendant's post-arrest silence or try to get the jury to make a negative inference from her silence. Furthermore, the State did not use defendant's post-arrest silence for impeachment purposes. See, State v. Helton, 02-447 (La.App. 5 Cir. 10/16/02), 828 So.2d 729, 733. Thus, we find that a mistrial was not warranted.
We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). That review reveals that the jury returned a verdict of "guilty" without specifying the offense upon which its guilty verdict was based. Because the verdict is a part of the pleadings and proceedings, any error therein is reviewable as an error patent. State v. Vincent, 387 So.2d 1097, 1099 (La.1980); State v. Knight, 526 So.2d 452, 453 (La.App. 5 Cir.1988).
In State v. Knight, supra, this Court noted the jury rendered a verdict of guilty *1128 without specifying whether it found defendant guilty as charged or guilty of a lesser included offense and recognized it as an error patent. Relying on La.C.Cr.P. art. 810, this Court acknowledged that there is no formal requirement as to the language of the verdict except that it clearly conveys the jury's intention. Citing State v. Williams, 386 So.2d 1342, 1347 (La.1980), this Court explained that when a verdict is ambiguous, the intent of the jury can be determined by reference to the pleadings, the evidence, the admissions of the parties, the instructions, and the forms of the verdicts submitted.
In Knight, defendant was charged with aggravated rape and aggravated crime against nature. The trial court received two separate verdicts. The verdict pertaining to the aggravated crime against nature was "guilty" and the verdict relating to aggravated rape was "not guilty." This Court noted that the instructions by the trial court never listed the single word "guilty" as a possible verdict and determined that the jury's verdict of "guilty" was non-responsive. However, this Court concluded any ambiguity in the verdict was clarified when the trial court polled the jury and specifically asked, "if you did vote guilty as charged and it is your vote, you will sign that as yes, again showing that it was your vote." State v. Knight, supra at 454 (emphasis as found in the original). This Court cautioned that but for this clarification during the trial court's colloquy with the jurors, the jury's "guilty" verdict would not have been a responsive verdict. This Court found that when viewed together, the verdict and the polling of the jury clearly conveyed the intention of the jury.
In State v. Gilmore, 522 So.2d 658, 662 (La.App. 5 Cir.1988), the verdict form completed by the jury read, for each count, "12-0, guilty." The defendant argued the verdict was ambiguous because it did not indicate whether the jury found the defendant guilty of the offense charged or of a lesser included offense. This Court noted the trial judge called the jury back into the courtroom and asked each juror what his intention was and each responded he found defendant guilty of armed robbery on both counts. This Court determined that the oral verdict clearly indicated the jury's intention and, therefore, the verdict was not ambiguous.
In the present case, the bill of information charged defendant with possession of cocaine. During voir dire, the trial court advised the jurors that defendant was charged with possession of cocaine. In charging the jury, the trial court stated that defendant was charged with one count of possession of a controlled dangerous substance, specifically, cocaine. The trial court advised the jurors that there were three responsive verdicts to the crime of possession of a controlled dangerous substance: guilty, guilty of attempted possession of a controlled dangerous substance, and not guilty.
The trial court instructed the jurors that the foreperson must write the verdict on the back of the list of responsive verdicts, sign and date the verdict form, and return the verdict form to the judge in open court. The verdict form listed the responsive verdicts as:
1. GUILTY
2. GUILTY OF ATTEMPTED POSSESSION OF COCAINE.
3. NOT GUILTY.
The reverse side of the listed responsive verdicts is entitled, "VERDICT FOR COUNT ONE." It then states, "WE, THE *1129 JURY, FIND THE DEFENDANT, CRYSTAL D. ROBINSON, guilty."
In polling the jury, the trial court simply stated, "[w]e're going to give you a little slip of paper and a pencil and you answer one question, just mark it yes or no in the appropriate box: Is this your verdict? That's the question that you're answering." The trial court did not specify that the question was whether each juror found defendant guilty as charged.
Reviewing the record as a whole, we find the jury clearly conveyed its intention to find defendant guilty as charged. Unlike Knight, the jury in the present case was instructed that the single word "guilty" was a responsive verdict. The jury was further instructed that another responsive verdict was "guilty of attempted possession of cocaine." Had the jury intended to find defendant guilty of the lesser offense of attempted possession of cocaine, they were instructed to find her "guilty of attempted possession of cocaine" as opposed to "guilty."[6]
Our errors patent review also reveals that while the commitment indicates defendant was advised of the prescriptive period for filing an application for post-conviction relief in accordance with La.C.Cr.P. art. 930.8, the transcript does not so reflect. Where there is a conflict between the commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
Accordingly, the defendant's conviction and sentence is hereby affirmed and the matter is remanded with an instruction to the trial judge to inform defendant of the provisions of La.C.Cr.P. art 930.8 by sending written notice to defendant and to file proof in the record that defendant received said notice. State v. Cordero, 99-44 (La.App. 5 Cir. 6/1/99), 738 So.2d 84, 93, writs denied, 99-1877 and 99-1878 (La.11/24/99), 750 So.2d 981.
AFFIRMED AND REMANDED.
NOTES
[1] The record does not indicate that any of defendant's pre-trial motions were ruled upon prior to trial. A defendant waives all pending motions by proceeding to trial without raising the issue that his pre-trial motions were neither heard nor ruled upon. State v. Fletcher, 02-707 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03-409 (La.10/10/03), 855 So.2d 334.
[2] There is no specification in the transcript that defendant was found guilty as charged. The minute entry, however, states defendant was found guilty as charged and the commitment indicates defendant was found guilty of possession of cocaine. This issue is discussed infra under errors patent.
[3] It is noted that, although defendant filed a motion for new trial, she did not file a motion for post-verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821. Procedurally, there is a distinction between the two motions. Nonetheless, the failure to file a post-verdict judgment of acquittal does not preclude appellate review of the sufficiency of the evidence. State v. Washington, 421 So.2d 887, 889 (La.1982); State v. Bailey, 04-85 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 954, FN 1, writ denied, 04-1605 (La.11/15/04), 887 So.2d 476.
[4] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[5] Defendant also argued at trial that the State was excluding jurors based on gender in violation of J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). However, on appeal, defendant does not challenge the exclusion of jurors based on gender.
[6] See also, State v. Green, 482 So.2d 1095 (La.App. 3 Cir.1986), reversed on other grounds, 493 So.2d 588 (La.1986), where the Third Circuit found the jury's verdict of "guilty," without stating it found defendant guilty of theft of property having a value of less than $100, was not ambiguous. The majority of the court found the "guilty" verdict sufficiently showed the intention of the jury based on the fact 1) the evidence adequately supported a finding of an accomplished theft, as opposed to an attempted theft, 2) there was no objection regarding ambiguity after the polling of the jury, and 3) the minutes of the court showed the jury found defendant guilty as charged. One judge dissented stating the jury's verdict of "guilty" was ambiguous where there was a possibility of one of several responsive verdicts.