SUSAN M. CHEHARDY, Chief Judge.
|2On appeal, defendant challenges his underlying conviction for possession of cocaine. For the following reasons, we affirm defendant’s underlying conviction and enhanced sentence.

Procedural history

On September 7, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Albert D. Cox, with possession of cocaine, in violation of La. R.S. 40:967(C). On March 5, 2013, after a bench trial, the trial court found defendant guilty as charged. On March 21, 2013, the trial court sentenced defendant to imprisonment at hard labor for a term of two years, with credit for time served.
Also, on March 21, 2013, the State filed a multiple offender bill of information against defendant, alleging that defendant was a third felony offender. That day, defendant stipulated to the allegations of the multiple offender bill. The trial court immediately vacated defendant’s underlying two-year sentence and resentenced defendant under La. R.S. 15:529.1 to “serve 40 months in the | ^Department of Corrections[1] with credit for time served,” to run concurrently with any other sentence defendant was serving.
On March 25, 2013, defendant’s Motion for Appeal was granted. This appeal follows.

Facts

Officer Jamón Green, of the Kenner Police Department, testified that, in the early morning hours on May 12, 2012, he and two other officers responded to a call at 2636 Tupelo Street regarding a complaint that “there was someone in the backyard of the residence pulling on doors and pulling on windows.” As the three officers approached the residence with flashlights shining, an unknown man fled from the backyard of the residence. The man, identified at trial as defendant herein, was quickly apprehended by the officers and patted down for weapons by Officer Green. Thereafter, defendant was arrested for criminal trespass, handcuffed, and prepared for transport to the Kenner jail.
Officer Green explained that, before he placed defendant into the backseat of his unit,[2] Officer Green lifted up the vehicle’s backseat[3] and shined his flashlight into the area under the seat to demonstrate to defendant that there was nothing in the cavity underneath the seat. According to Officer Green, defendant agreed that there was nothing underneath the seat and Officer Green placed defendant into the backseat of his unit to transport him to the City of Kenner jail.[4] After Officer Green *359 transported defendant to jail, Officer Green checked underneath the backseat |4of his police unit and discovered a clear plastic bag containing white powder-like substance, which field-tested positive for contraband.
At trial, Marcelle Folse, the Supervisor of Forensic Chemistry at the Jefferson Parish Sheriffs Office Crime Laboratory, was qualified as an expert in the identification and analysis of controlled dangerous substances, and testified that the “off-white powder substance” in this case tested positive for cocaine.
After the evidence was presented, the trial judge found defendant guilty as charged of possession of cocaine. Defendant appeals that conviction.

Discussion

In his sole assignment of error, defendant argues that the evidence was insufficient to support his conviction for possession of cocaine. He alleges that the State failed to establish that defendant exercised dominion and control over the cocaine because Officer Green’s testimony was not credible. Specifically, defendant submits that Officer Green’s testimony regarding his protocol of searching underneath the backseat of his police unit before and after transporting a suspect is “preposterous.” The State contends that Officer Green’s uncontradicted, credible testimony provided the trier-of-fact with sufficient evidence to convict defendant.
The standard of review for determining the sufficiency of the evidence was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). According to Jackson, supra, the reviewing court must decide, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
The fact-finder’s decision to accept or reject the testimony of a witness in whole or in part is afforded great deference. State v. Reyes, 98-424 (La.App. 5 Cir. 12/29/98), 726 So.2d 84, 88, writ denied, 99-1474 (La.10/8/99), 750 So.2d 967. In applying the Jackson standard, the reviewing court does not assess the credibility of the witnesses, nor reweigh evidence. State v. Bradley, 03-384 (La.App. 5 Cir. 9/16/03), 858 So.2d 80, 84, writ denied, 03-2745 (La.2/13/04), 867 So.2d 688.
“Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.” State v. Jones, 04-1258 (La.App. 5 Cir. 4/26/05), 902 So.2d 426, 430. When circumstantial evidence is used to prove the commission of an offense, La. R.S. 15:438 provides that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” All evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Wooten, 99-181 (La.App. 5 Cir. 6/1/99), 738 So.2d 672, writ denied, 99-2057 (La.1/14/00), 753 So.2d 208.
To support a conviction for possession of cocaine, the State is required to prove that defendant was in possession of the drug and that he knowingly or intentionally possessed it. La. R.S. 40:967(C); State v. Robinson, 04-964 (La.App. 5 Cir. 2/15/05), 896 So.2d 1115.
The element of possession may be established by showing defendant exercised either actual or constructive possession of the substance. State v. Lewis, 04-1074 (La.App. 5 Cir. 10/6/05), 916 So.2d 294, writ denied, 05-2382 (La.3/31/06), 925 So.2d 1257. A person not in physical possession of the drug is considered to be in constructive possession of the drug, even *360 though the drug is not in his physical custody, when it is under that person’s dominion and control. Id.
| ñ“Mere presence in an area where drugs are found or mere association with the person in actual possession does not constitute constructive possession.” State v. Jones, 902 So.2d at 431. However, “[p]roximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence.” Id.
In State v. Robinson, supra, which is factually similar to this case, this Court found that the evidence was sufficient to convict the defendant of possession of cocaine. In Robinson, the defendant was stopped for a traffic infraction, placed under arrest, handcuffed, patted-down for weapons then placed into the police patrol car. After transporting the defendant, the arresting officer checked underneath the backseat of his police unit and discovered a bag containing cocaine.
On appeal, Robinson argued that there was insufficient evidence to support her conviction because the only evidence was implausible testimony from the arresting officer that he searched his patrol car after transporting his last suspect and before arresting defendant. The arresting officer explained that he conducted a weapons pat-down of the defendant prior to placing her in his patrol unit but did not search her pockets. He also testified that defendant squirmed in the back of the patrol car on the way to the jail, and that he found the bag of cocaine directly underneath the area where the defendant had been sitting. Based on the officer’s testimony, the jury found the defendant guilty of possession of cocaine.
In the case at bar, we find that the evidence presented by the State was sufficient for the trier-of-fact to reasonably conclude that defendant was guilty of possession of cocaine. Officer Green testified that he looked in the area under the backseat of his police unit before transporting defendant and observed nothing in that area before putting defendant into the rear passenger compartment. Officer Green testified that, after removing defendant from his patrol car, he again |7searched under the backseat where defendant had been seated and found the bag of cocaine.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to convict. State v. Addison, 00-1730 (La.App. 5. Cir. 5/16/01), 788 So.2d 608, 613, writ denied, 01-1660 (La.4/26/02), 814 So.2d 549. The trial court obviously chose to believe the uncontradicted testimony of Officer Green, which was not internally contradictory or in conflict with the physical evidence. We do not assess the credibility of the witnesses or reweigh evidence on appeal. State v. Bradley, supra.
After our review of the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could find that the State proved possession beyond a reasonable doubt. Accordingly, the trial court did not err in finding defendant guilty as charged of possession of cocaine.

Errors patent

Pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), we have reviewed the record for errors patent and found none that require correction.

Decree

Accordingly, defendant’s underlying conviction and enhanced sentence are affirmed.

AFFIRMED.

. Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. La. R.S. 15:824(C); State v. Vance, 06-452 (La.App. 5 Cir. 11/28/06), 947 So.2d 105, 109 n. 3, writ denied, 07-0152 (La.9/28/07), 964 So.2d 351.

. Officer Green testified that he is the only person that uses his police unit, which is permanently assigned to him.

. Officer Green testified that, unlike a civilian vehicle, the backseat of his police unit can be easily lifted or removed to check for contraband. Officer Green testified that his training from the Kenner Police Department taught him to "always check someone before you put them in a unit,” and that he goes "even further” by checking the backseat of his unit both before and after placing an arrestee there.

. Officer Green testified that he maintained a "trip sheet” detailing his activity during his shift, including the calls he receives and the places he visits.